USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
BING HAN,                                                         :
                                    Plaintiff,                    :
                                                                  :
            -v-                                                   :        19-cv-9251 (LJL)
                                                                  :
UNITED STATES CITIZENSHIP AND                                    :        ORDER
IMMIGRATION SERVICES                                             :
                                                                  :
                                    Defendant.                    :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff, proceeding *pro se*, filed the Complaint in this action on October 7, 2019.  (Dkt. No. 2.)  Between then and February 4, 2020—the date the case was reassigned to this Court—the docket reflected no activity by Plaintiff.  On February 11, 2020, the Court issued an order requiring Plaintiff to advise the Court in writing why Plaintiff failed to serve the Summons and Complaint within the 90-day period required by Federal Rule of Civil Procedure 4(m), or, if Plaintiff believed that the defendant had been served, to advise the Court when and in what manner such service was made.  (Dkt. No. 6.)  The order warned, "If no letter is submitted, the Court may exercise its discretion to dismiss the case without prejudice for want of prosecution."  (*Id.*)

      No letter was submitted.  However, on February 25, 2020, Plaintiff filed proof of service indicating that on October 10, 2019, an individual accepted service of process on behalf of Defendant.  (Dkt. No. 7.)  Curiously, Plaintiff's filing included email correspondence with the address "lawofficeofmorriswu@gmail.com."  (*Id.*)  Specifically, the email correspondence reflected that Plaintiff had forwarded a notice of the Court's February 11, 2020 order to that address along with the message, "I believe this one affects my case now.  Until now I don't know anything about this complaint result."  (*Id.*)

      No activity transpired for a month and a half.  On April 10, 2020, the Court issued an order "to inform the Court by status letter no later than May 11, 2020 whether and how [Plaintiff] intends to prosecute this case on pain that the Court may dismiss the action for failure to prosecute if Plaintiff fails to do so."  (Dkt. No. 8.)  No letter was received.

      Federal Rule of Civil Procedure 41(b) "gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Except, apparently, to serve Defendant, Plaintiff has taken no action to prosecute his case in the seven months since it was filed.  He has been warned twice that failure to explain inactivity may result in dismissal for failure to prosecute.  The right to file a lawsuit comes with the obligation to prosecute it.

      Accordingly, this case is DISMISSED WITHOUT PREJUDICE for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

Dated: May 12, 2020                        _____
       New York, New York                          LEWIS J. LIMAN
                                               United States District Judge